DISABILITY RIGHTS ADVOCATES
STUART SEABORN (Bar No. 198590)
SEAN BETOULIERE (Bar No. 308645)
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
sseaborn@dralegal.org
sbetouliere@dralegal.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY RESOURCES FOR INDEPENDENT LIVING, a California non-profit corporation, on behalf of itself; DORENE GIACOPINI, an individual, on behalf of herself and all others similarly situated; STUART JAMES, an individual, on behalf of himself and all others similarly situated;<br><br>        Plaintiffs,<br><br>   v.<br><br>MOBILITY WORKS OF CALIFORNIA, LLC., a California limited liability corporation; and WMK, LLC., an Ohio limited liability corporation;<br><br>Defendants. | **CLASS ACTION**<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE UNRUH CIVIL RIGHTS ACT** |

## I.    INTRODUCTION

1. Though Defendants Mobility Works of California, LLC and WMK, LLC (collectively "MobilityWorks") are among the country's largest providers of wheelchair-"accessible" vehicles, they maintain and enforce company-wide policies that discriminate against people with disabilities who need hand controls or other adaptive devices in order to drive. Specifically, MobilityWorks 1) refuses to install hand controls and other adaptive devices in the vehicles it offers for rent, and 2) requires that customers who need such devices installed in existing or newly-purchased personal vehicles undergo expensive "certifications" that are not demanded of any non-disabled drivers.

2. As a result of MobilityWorks' refusal to install hand controls and other adaptive devices in its rental vans, people with disabilities who would otherwise be able to drive those vans themselves must either depend on nondisabled drivers (thereby losing the freedom and independence inherent in being able to drive their own rental vehicles), or forego using the company's rental services entirely. Similarly, as a result of MobilityWorks' "certification" requirements, people with disabilities who need hand controls and other adaptive devices installed in existing or newly-purchased vehicles must complete a time consuming, expensive, and completely-unnecessary process that is not imposed on anyone else.

3. Hand controls are adaptive devices that allow drivers to accelerate or brake using their hands instead of their feet. They are needed by people with a wide range of disabilities, and every major car rental company in the country—including Hertz, Avis, Enterprise, and Budget—will install them in a variety of the vehicles that they rent, free of charge, and without requiring any sort of "certification." Yet MobilityWorks, despite its expertise in all aspects of vehicle adaptation, is unwilling to do the same.

4. MobilityWorks offers "accessible" vans for rent at 11 locations throughout California, and in 61 additional locations across the country. Each of these vehicles has been modified to have lowered floors and automatic side- or rear-entry ramps, which allow people who use wheelchairs to get into or out of them with relative ease.  Few rental companies have such vehicles in their inventory, making MobilityWorks an attractive option for people whose

disabilities make it difficult or impossible to enter unmodified automobiles. However, many drivers with disabilities who need hand controls and other adaptive equipment – including Plaintiffs Dorene Giacopini and Stuart James – are deterred from renting vehicles from MobilityWorks, because they know that the company will not install adaptive devices they need in order to drive independently. Others are deterred from purchasing vehicles with hand controls or other adaptive equipment from MobilityWorks (or from using MobilityWorks to install such equipment) because of the burdensome, costly, and unnecessary "certification" procedures that the company requires.

5. Some people with disabilities, including Plaintiff Giacoponi, have had to forgo trips entirely as a result of MobilityWorks' policy of refusing to install hand controls in its rental vehicles. For example, Ms. Giacopini was forced to skip her cousin's wedding in Florida because the MobilityWorks location nearby would not install hand controls in any of the vehicles it offered for rent.

6. Plaintiff Giacopini and Plaintiff James are both planning to purchase new accessible vehicles in the next year, but are deterred from purchasing vehicles from MobilityWorks because of the company's policy of requiring drivers with disabilities who need hand controls and other adaptive equipment to complete a burdensome "certification" process.

7. MobilityWorks' business depends on people with disabilities, who are its target customers and primary source of profits. However, despite the company's purported focus on "serving the disabled community,"[1] their policies of refusing to provide hand controls in rental vehicles and demanding superfluous "certifications" do just the opposite—restricting the ability of individuals with mobility disabilities to drive independently. These policies violate the Americans with Disabilities Act and state disability access laws.

8. Plaintiffs contacted MobilityWorks, asking that it commit to ending these discriminatory policies and practices on a company-wide basis. MobilityWorks did not respond,

---

[1] *About*, MOBILITY WORKS, https://www.mobilityworks.com/about/ (last visited August 13, 2018)

leaving Plaintiffs and members of the proposed class no choice but to file this class action lawsuit.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

9. This is an action for declaratory and injunctive relief, brought pursuant to the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, *et seq.* and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act").

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188 for claims arising under the ADA.

11. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the Unruh Act pursuant to 28 U.S.C. § 1367.

12. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c), as MobilityWorks does substantial business within this district, and this is the district in which the majority of events and omissions giving rise to the named Plaintiffs' claims occurred.

14. Because the events and omissions giving rise to Plaintiffs' claims occurred in San Francisco, Alameda, and Contra Costa counties, the intradistrict assignment should be to either the Northern District's San Francisco Division or its Oakland Division. L.R. Civ. 3-2(c-d).

## III. PARTIES

15. Plaintiff Stuart James is a California resident who lives in Alameda, California, not far from MobilityWorks' Oakland location. Mr. James uses a manual wheelchair as a result of his disability, and needs hand controls or pedal extenders to drive a car. Mr. James is currently deterred from using MobilityWorks' van rental service (in Oakland, or elsewhere) as a result of Defendants' discriminatory refusal to install hand controls in rental vehicles. Mr. James is also currently deterred from purchasing an accessible vehicle through MobilityWorks, or taking advantage of their equipment-installation services, because of MobilityWorks' discriminatory

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

policy of requiring people with disabilities who need hand controls or other accessible equipment to undergo expensive "certification" courses that are not required by any law.

16. Plaintiff Dorene Giacopini is a California resident who lives in Contra Costa County, not far from MobilityWorks' Oakland location. Ms.Giacopini uses both motorized and manual wheelchairs as a result of her mobility disability, and needs hand controls to drive a car. Ms.Giacopini is currently deterred from using MobilityWorks' van rental service (in Oakland, or elsewhere) as a result of Defendants' discriminatory refusal to install hand controls in rental vehicles. Ms. Giacopini is also currently deterred from purchasing an accessible vehicle through MobilityWorks, or taking advantage of their equipment-installation services, because of the company's discriminatory policy of requiring people with disabilities who need hand controls or other accessible equipment to undergo expensive "certification" courses that are not required by any law.

17. Organizational Plaintiff Community Resources for Independent Living ("CRIL") is a nonprofit disability rights advocacy and support organization located in Hayward, California. Its mission is to help Alameda County residents with all types of disabilities live independently, advocate for themselves, and access services, programs, activities, and accommodations.

18. CRIL has expended substantial resources and had its mission frustrated as a result of MobilityWorks' discriminatory practices. For example, due to the lack of fully-accessible rental options for drivers with disabilities – a lack exacerbated by Defendants' discriminatory practices, detailed herein – CRIL has recently expended significant staff time and resources to procure and refurbish two wheelchair-accessible vans with hand controls, which it now makes available for rent. The work of maintaining these vehicles and ensuring that they are consistently available and in good working order also occupies significant staff time. CRIL hopes that these vehicles help offset the dearth of fully-accessible rental options in the area, and increase the independence of local people with disabilities. However, CRIL is not in the business of renting, selling, or maintaining accessible vehicles, and cannot hope to match the inventory or geographic scope of MobilityWorks.

19. In addition to the above, CRIL has board members and volunteers who travel as part of their work with or on behalf of the organization, and who have disabilities that require them to use hand controls to operate rental cars. This includes Plaintiff Giacopini, who is the current President of CRIL's Board of Directors. MobilityWorks' failure to offer options for drivers with disabilities who need hand controls or other assistive devices has resulted in CRIL and its board members and volunteers having to expend additional time and resources finding suitable rental cars or alternative accessible means of transportation, when engaging in work that requires travel. For example, on more than one occasion CRIL Board President Dorene Giacopini has wanted to rent an accessible MobilityWorks van to travel to Sacramento or elsewhere for CRIL-related work, but she has been prevented from doing so, and has had to find and arrange alternative transportation, as a result of the company's discriminatory refusal to install hand controls.

20. Defendant WMK, LLC is a limited liability company incorporated in the State of Ohio by William M. Koeblitz. WMK, LLC does business under the registered trade name "MobilityWorks," and offers wheelchair-accessible vans for short- and long-term rental. It owns, operates, and/or maintains (either directly, or through its affiliates and subsidiaries) 72 showroom locations in 24 states. Its principal office is located at 4199 Kinross Lakes Parkway, Suite 300 in Richfield, Ohio, and its President is William M. Koeblitz, Chief Executive Officer of MobilityWorks.

21. Defendant Mobility Works of California, LLC is a limited liability company incorporated in the State of California that offers wheelchair-accessible vans for short- and long-term rental. It owns, operates, and/or maintains eleven showroom locations throughout California, including a showroom located at 1822 Embarcadero, in Oakland. Its principal office is located at 4199 Kinross Lakes Parkway, Suite 300 in Richfield Ohio, and its manager is William M. Koeblitz, Chief Executive Officer of MobilityWorks.

## IV.  FACTUAL ALLEGATIONS

22. MobilityWorks rents vehicles equipped with ramps and wheelchair lifts to members of the general public at 11 showroom locations in California, including one at 1822 Embarcadero in Oakland.

23. Defendant WMK, LLC and its affiliates or subsidiaries own, operate, or maintain a total of 72 such showrooms nationwide, and offer vehicles equipped with ramps and wheelchair lifts for rent through each.

24. For an additional fee, MobilityWorks will also deliver rental vans to airports and other locations, allowing customers to rent vans even if they cannot get to a local showroom.

25. MobilityWorks requires all would-be rental car drivers to have a current drivers' license and proof of insurance, and the company offers rental customers "[p]rofessional demonstration" of the use of its rental vans and accessible equipment as a matter of course.[2] Indeed, "one on one training on how to use the equipment" is included with all wheelchair van rentals, at no additional cost.[3]

26. MobilityWorks also offers a wide selection of adaptive equipment for purchase and installation in vehicles that it sells, or that its customers already own, including mechanical and electronic hand controls.

27. However, MobilityWorks refuses as a matter of policy to install hand controls and related adaptive equipment in its rental vehicles.

28. As a result of MobilityWorks' practice of refusing to install hand controls for use by rental drivers, Plaintiffs and other individuals with mobility disabilities who need hand controls must either arrange for someone else to drive them, thereby sacrificing independence and privacy; or not rent from MobilityWorks at all.

---

[2] *Rentals*, MOBILITY WORKS, https://www.mobilityworks.com/Wheelchair-Vans-for-Rent/ (last visited August 13, 2018)

[3] *Rates and Fees*, MOBILITY WORKS, https://www.mobilityworks.com/wheelchair-vans-for-rent/rates-and-fees/ (last visited, August 13, 2018).

29. MobilityWorks also discriminates against people with disabilities who attempt to purchase vehicles from the company, or to use its installation services.

30. Before MobilityWorks will install hand controls or other adaptive devices in a newly-purchased or existing personal vehicle, it requires people with disabilities who need such equipment to undergo expensive "certification courses." Such courses can take hours to complete, and cost people with disabilities $400 or more.

31. MobilityWorks does not require non-disabled drivers, who do not need hand controls or other adaptive equipment installed in their vehicles, to take such courses. Thus, nondisabled drivers can purchase a vehicle from MobilityWorks (or use its installation services) without the significant extra cost – in terms of both time and money – that these courses entail.

**A.      Plaintiff James' Experiences with MobilityWorks' Discriminatory Practices**

32. Plaintiff Stuart James has a mobility disability, and uses a manual wheelchair.

33. Mr. James is the current Executive Director of the Center for Independent Living (CIL), which was founded in 1972 and which serves as the model for over 400 other independent living centers worldwide.

34. Mr. James has been licensed to drive since 1986. Between 1986 and 2001 he drove exclusively with hand controls. Since 2001 he has preferred to drive with pedal extenders[4] in his personal vehicles, but he still relies on hand controls when operating a rental car. He is, like most drivers, fully insured.

35. Mr. James has driven across the country three times, and considers driving for both work and pleasure to be among his most cherished activities. The simple adaptive devices described above allow him to travel where he wants when he wants, without having to rely on anyone else for assistance—a degree of freedom and independence that drivers without disabilities might take for granted, but that, for Mr. James and others, is nothing less than life-changing.

---

[4] Pedal extenders attach to a car's existing break or gas pedals, and allow people who could not otherwise reach the pedals to break and accelerate using their feet.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

36.     Mr. James thus finds it especially troubling that MobilityWorks – a company supposedly dedicated to serving people with disabilities – will not install hand controls in its rental vehicles, and requires people with disabilities who need adaptive equipment in their own vehicles to complete a time consuming, expensive, and completely-unnecessary "certification" process.

37.     In approximately September of 2016, Mr. James tried to purchase pedal extenders from MobilityWorks for use in his 2017 Chrysler Pacifica. MobilityWorks representatives refused to install the pedal extenders Mr. James needed.  In an effort to get *some* adaptive equipment installed on his new vehicle, so that he could drive it, Mr. James next asked MobilityWorks to install hand controls.  However, company representatives informed him that they would not install these controls unless he passed a $400 hand control "certification" course.

38.     Because Mr. James had never before heard of such a requirement, he went in person to the DMV to ask whether it was real. He was told that it was not: he had a valid California drivers' license, and was thus good to go as far as the State of California was concerned.

39.     Ultimately, Mr. James was forced to travel all the way to the Ability Center in Sacramento, which installed pedal extenders in his van without requiring any certification. Mr. James could have avoided the unnecessary expenditure of money and time that this trip entailed, had MobilityWorks been willing to install the accessible devices he needed without requiring a "certification" course.

40.     Mr. James is planning to purchase a new accessible vehicle within the next year, and he is particularly interested in the "BraunAbility MXV Ford Crossover" that MobilityWorks sells. However, he is currently deterred from making this purchase by MobilityWorks' policy of requiring people with disabilities who need hand controls or other adaptive equipment to complete costly and unnecessary "certification" courses.

41.     Mr. James is also affected by MobilityWorks' refusal to install hand controls in rental vehicles. He travels frequently – both for pleasure, and as part of his work as CIL's Executive Director – and in many cases would like to be able to rent an accessible van from

MobilityWorks once he arrives at his destination. Mr. James also would have used MobilityWorks' rental services on at least two occasions over the past three years, when injuries made it impossible for him to get into or out of his personal vehicle. However, he has been deterred from doing so by the company's refusal to install hand controls in its rental vehicles. Without such controls, Mr. James simply cannot use MobilityWorks' rental services.

### B.  Plaintiff Giacopini's Experiences With MobilityWorks' Discriminatory Practices

42. Plaintiff Dorene Giacopini has a mobility disability and uses either motorized or manual wheelchairs.

43. Ms. Giacopini has been licensed to drive in California for 41 years. She learned to drive using hand controls in 1990, and has relied on them when driving rental cars for the past 28 years. She, like Mr. James, is fully insured.

44. Like Mr. James, Mrs. Giacopini considers driving with adaptive devices – and the freedom and independence that such driving provides – to be a source of great joy.

45. Ms. Giacopini owns a wheelchair-accessible van with hand controls, but for many trips she would prefer to drive a newer and more reliable rental van.

46. Ms. Giacopini has attempted to rent an accessible van with hand controls from MobilityWorks several times—either because her own vehicle had broken down, or because she wanted to use a rental vehicle for a longer trip. Each time, she has been told that the company will not install hand controls on rental vehicles, allegedly for "liability reasons." She has received the same answer regardless of whether she calls an individual dealership (such as the Oakland location) or the company's national toll-free number for vehicle rentals.

47. On more than one occasion, Ms. Giacopini has had to forego travel because of MobilityWorks' refusal to rent vehicles with hand controls. For instance, in August of 2015 she called the company's toll-free rental number to inquire about renting an accessible vehicle with hand controls from one of its Florida locations, so that she could drive to her cousin's wedding near Fort Lauderdale. She was again informed that MobilityWorks would not install hand controls on its rental vehicles. Because Ms. Giacopini could not rent a vehicle that she could

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

drive (and because she had no one who could drive her in a rental vehicle *without* hand controls), she was forced to skip her cousin's wedding entirely.

48. In the time since, Ms. Giacopini has repeatedly spoken with MobilityWorks representatives regarding their refusal to install hand controls in rental vehicles. However, the company's position has not changed. Indeed, when Ms. Giacopini told the manager of MobilityWorks' Oakland dealership that state and federal law *required* rental companies to provide hand controls, she was informed that the company would just discontinue rental service entirely if it were forced to install them.

49. Were it not for MobilityWorks' discriminatory refusal to install hand controls in its rental vans, Ms. Giacopini would have used the company's rental services for several trips, including a trip to a funeral in Los Angeles in November of 2013; a trip to see the total solar eclipse in Oregon in August of 2017; and a trip to the Ashland Shakespeare festival in Oregon in February and March of this year; and a trip to Los Angeles over this past Labor Day weekend. However, Ms. Giacopini has been deterred from using MobilityWorks for any of these trips, because of its policy of not installing hand controls in rental vans.

50. Ms. Giacopini will undoubtedly continue to be impacted by this discriminatory policy in the future: she travels frequently, and for much of this travel – including for an upcoming trip to Connecticut for a relative's wedding  – she would like to be able to use MobilityWorks' rental services. However, because of the company's refusal to install hand controls in rental vehicles, she cannot do so.

51. Prior to filing this suit, Ms. Giacopini contacted MobilityWorks asking that it reconsider and change its policy and practice of refusing to install hand controls in rental vehicles, but she received no response.

52. Ms. Giacopini is planning to buy a new car within the next year because her current van, which has over 120,000 miles on it, is increasingly unreliable. She would like to be able to purchase this new vehicle from MobilityWorks, to take advantage of the company's extensive selection. However, she is deterred from doing so because of the company's policy of

making people with disabilities who need hand controls complete costly and unnecessary "certification" courses as a prerequisite of installation.

## V.   CLASS ACTION ALLEGATIONS

53. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs Giacopini and James bring this action on behalf of themselves and all other persons similarly situated. The Class consists of all persons with disabilities who need hand controls or other adaptive devices to operate a vehicle, and who have been or are deterred from purchasing or renting a vehicle from MobilityWorks, or using the company's installation services, as a result of the conduct alleged herein.

54. Plaintiffs Giacopini and James are unable to state the precise number of potential members of the proposed Class. However, as of 2016, an estimated 4.1% of non-institutionalized Californians between the ages of 21 and 64 (roughly 945,900 individuals) had ambulatory disabilities that made walking or climbing stairs seriously difficult or impossible.[5] Even if only a minute fraction of such individuals were members of Plaintiffs' proposed Class, it would still number in the thousands. Thus, members of Plaintiffs' proposed Class are sufficiently numerous and geographically-diverse that joinder is impracticable.

55. Common questions of fact and law predominate, in that Plaintiffs Giacopini and James and putative class members have all been and/or are being denied their civil right to full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and accommodations as a result of the policies and practices described herein that discriminate against drivers with disabilities who utilize hand controls or other adaptive devices.

56. Plaintiffs Giacopini and James' claims are typical of, and not antagonistic to, the claims of all other members of the Class.  Defendants' discriminatory actions, alleged herein,

---

[5] Erickson, W., Lee, C., von Schrader, S. (2017). 2016 Disability Status Report: California. Ithaca, NY: Cornell University Yang-Tan Institute (YTI), *available at* www.disabilitystatistics.org; *see also* American Community Survey and Puerto Rico Community Survey 2016 Subject Definitions at 60-61, available at https://www2.census.gov/programs-surveys/acs/tech_docs/subject_definitions/2016_ACSSubjectDefinitions.pdf (defining "ambulatory difficulty").

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

have harmed Plaintiff Giacopini, Plaintiff James, and members of the proposed class in ways that are either identical or substantially similar. Plaintiffs Giacopini and James, by advancing their claims, will also advance the claims of all other similarly-situated individuals.

57. Plaintiffs Giacopini and James are adequate class representatives because they are directly impacted by Defendants' failure to ensure that people with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by MobilityWorks. The interests of the Plaintiffs Giacopini and James are not antagonistic, or in conflict with, the interests of the class as a whole, and there are no material conflicts between Plaintiff Giacopini or Plaintiff James' claims and those of absent class members that would make class certification inappropriate.

58. The attorneys representing the class are highly trained, duly qualified, and very experienced in representing plaintiffs in civil rights class actions for injunctive relief.

59. Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

60. References to Plaintiffs shall include Plaintiff Giacopini, Plaintiff James, organizational Plaintiff CRIL, and each member of the class, unless otherwise indicated.

## VI. FIRST CAUSE OF ACTION
**Violation of Title III of the Americans with Disabilities Act**
**(42 U.S.C. §§ 12181 *et seq.*)**

61. Plaintiffs incorporate by reference all foregoing and subsequent allegations as though fully set forth herein.

62. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. § 12182.

63. More specifically, Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from denying an individual or class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities,

1 privileges, advantages, or accommodations of that entity. 42 U.S.C. § 12182(b)(1)(A)(i); 28
2 C.F.R. § 36.202(a).

3     64. Title III also prohibits entities that own, operate, lease, or lease to places of public
4 accommodation from affording an individual or class of individuals with disabilities the
5 opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or
6 accommodation that is not equal to that afforded to other individuals. 42 U.S.C.
7 § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

8     65. Mobility Works owns or operates numerous vehicle sale and rental locations in
9 California, which are places of public accommodation. 42 U.S.C. §§ 12181(7)(E-F) (listing
10 "travel services" and "other sales or rental establishments" as places of public accommodation).

11     66. By depriving people with disabilities who need hand controls of the opportunity
12 to rent wheelchair-accessible vehicles that they can drive independently, MobilityWorks is
13 denying them the full and equal enjoyment of its goods and services that Title III requires.

14     67. MobilityWorks' policy of requiring people with disabilities who need adaptive
15 devices to take "certification" courses that nondisabled patrons do not need to take also violates
16 Title III – both because it denies people with disabilities the full and equal enjoyment of the
17 company's goods and services, and because it functions as an eligibility criterion that screens out
18 or tends to screen out" people with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(i).

19     68. This "certification" requirement is also a standard, criteria, or method of
20 administration that has the effect of discriminating on the basis of disability, in violation of 42
21 U.S.C. § 12182(b)(2)(D).

22     69. It is a further violation of Title III for entities that own, operate, lease, or lease to
23 places of public accommodation to fail to make reasonable modifications in policies, practices,
24 or procedures, when such modifications are necessary to afford such goods, services, facilities,
25 privileges, advantages, or accommodations to individuals with disabilities, unless the
26 modification would fundamentally alter the nature of such goods, services, facilities, privileges,
27 advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

70. By refusing to modify its policies, practices, and procedures so as to provide hand controls in rental vehicles when they are needed and requested, and so as to waive its unnecessary "certification" requirement, MobilityWorks has violated (and is continuing to violate) this reasonable modification requirement.

71. MobilityWorks has failed to take the necessary steps to provide full and equal access to patrons with mobility impairments, and its violations of the ADA are ongoing. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

72. As a result of MobilityWorks' wrongful conduct, Plaintiffs are entitled to injunctive relief pursuant to 42 U.S.C. § 12188(a)(2), requiring MobilityWorks to remedy the discrimination.

73. Plaintiffs are entitled to an award of attorneys' fees and costs under 42 U.S.C. § 12188.

### VII.  SECOND CAUSE OF ACTION
### Violation of the Unruh Civil Rights Act
### (California Civil Code §§ 51, *et seq.*)

74. Plaintiffs incorporate by reference as though fully set forth herein the preceding and subsequent paragraphs of this Complaint.

75. The Unruh Civil Rights Act ("the Unruh Act") guarantees, among other things, that people with disabilities are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

76. MobilityWorks is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act.

77. Defendants have violated the Unruh Civil Rights in that the conduct alleged herein constitutes a violation of various provisions of Title III of the Americans with Disabilities Act and its implementing regulations, as set forth above. *See* Cal. Civ. Code § 51(f).

78. Therefore, Plaintiffs and members of the putative class are entitled to injunctive relief remedying this discrimination pursuant to California Civil Code § 52.  Unless the Court

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs and other members of this putative class will continue to suffer irreparable harm.

79. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in bringing this action. Cal. Civ. Code § 52.

## VIII. THIRD CAUSE OF ACTION
### Declaratory Relief

80. Plaintiffs incorporate by reference each of the preceding allegations as if fully set forth herein.

81. An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendants deny, that by engaging in the conduct described herein Defendants have violated the Americans with Disabilities Act 42 U.S.C. §§ 12182, *et seq*., and the Unruh Act, Cal. Civ. Code §§ 51 *et seq*.

82. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## IX. PRAYER FOR RELIEF

Based on the foregoing, Plaintiffs respectfully request the following relief:

1. An order certifying this case as a class action, and appointing Plaintiffs Giacopini and James as representatives of the Class and Plaintiffs' counsel as Class Counsel;

2. A declaration that the acts and practices of MobilityWorks as set forth herein unlawfully discriminate against Plaintiffs and members of the Class;

3. An order enjoining MobilityWorks from violating the Americans with Disabilities Act and the Unruh Civil Rights Act;

4. Such other and further relief as the Court may deem just and proper to ensure that individuals who use hand controls and other adaptive devices are able to use MobilityWorks' sale, rental, and installation service on a basis that is full and equal to that which is available to other members of the general public; and

83. An award of Plaintiffs' attorneys' fees, costs and expenses incurred in the filing and prosecution of this action, as authorized by 42 U.S.C. § 12188; California Civil Code § 52(a); and the California Code of Civil Procedure § 1021.5.

Dated: September 25, 2018

By: _____

Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

_____
Sean Betouliere

Attorneys for Plaintiffs

_____
Dorene Giacopini, Plaintiff

_____
Stuart James, Plaintiff

_____
Ron Halog, on behalf of Plaintiff CRIL